IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **MILLARD B. WIMBUSH,** | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Civil Action Number **CV-00-C-2757-S** |
| **U.S. AIRWAYS and AVIATION, GROUND SERVICES, INC.,** | ) ) ) | |
| *Defendants.* | ) ) | |

## MEMORANDUM OPINION
## GRANTING SUMMARY JUDGMENT

Aviation Ground Services, Ltd. ("Aviation") opposes its substitution as an additional party defendant, and it moves this Court to dismiss this case, or in the alternative, enter summary judgment in its favor. Aviation's motion for summary judgment is due to be granted because it cannot be substituted as an additional party defendant.

### I. BACKGROUND

On March 13, 2000, Plaintiff Millard B. Wimbush filed a charge of discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, ("ADA") with the EEOC against Defendant U.S. Airways. He claimed that on or about March 13, 2000, he was not hired for the position of ramp agent and was not given a reason for the failure to hire. The EEOC issued a right-to-sue letter.

On March 31, 2000, Plaintiff filed a charge of discrimination in violation of the ADA with the EEOC against Aviation. He claimed that on or about March 13, 2000, he was

1

rejected for the position of ramp agent and was not given a reason for the failure to hire. He received a right-to-sue letter on July 11, 2000.

On September 28, 2000, Plaintiff filed suit against U.S. Airways, asserting ADA claims.

U.S. Airways notified Plaintiff that it was not the proper party, and that Aviation probably was the proper party.

On October 4, 2000, Plaintiff voluntarily dismissed U.S. Airways as a Defendant.

On December 19, 2000, Plaintiff filed a pleading entitled "Substitution of Additional Party Defendant and Dismissal of Current Defendant," seeking to substitute Aviation for U.S. Airways because Plaintiff's ninety days to sue Aviation after issuance of his right-to-sue letter had expired.

Aviation received notice of its proposed substitution on December 27, 2000. It received a Summons and Complaint on January 2, 2001.

Aviation and U.S. Airways are separate corporate entities.

## II. RELATION-BACK

### A. Law

Federal Rule of Civil Procedure ("Rule") 15(a), the relation-back rule, states that leave to amend "shall be freely given when justice so requires." Under Rule 15(c), a defendant not accurately named in an original complaint may be added after the statute of limitations has expired.

An amendment relates back to the date of the original filing if the claim asserted by

the amendment 1) arose out of the same conduct, transaction or occurrence upon which the first complaint was based, and if 2) within the filing period prescribed by law, the party being brought in by the amendment

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a *mistake* concerning the identity of the proper party, the action would have been brought against the party.

FED. R. CIV. P. 15(c) (emphasis added). *See Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1446-47 (9th Cir. 1990).

Rule 15(c) allows relation-back when there was a mistake about the identity of the defendant. *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998). In *Powers*, the Eleventh Circuit noted that Rule 15(c) "deals with 'the problem of a misnamed defendant.'. . . Nothing in the Rule or in the [Advisory Committee] Notes indicates that the provision applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." *Powers*, 148 F.3d at 1227 (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). Where a plaintiff knows the defendant's identity before the statute of limitations ran, then there is no "mistake" within the meaning of Rule 15(c). *Id.* at 1227.

B. Analysis

Plaintiff did not make a "mistake," as contemplated by Rule 15(c) and the Eleventh Circuit's interpretation thereof. Plaintiff knew the identity of Aviation. Indeed, he even received a right to sue Aviation from the EEOC. For whatever reason -

negligence, confusion, or whatever else—Plaintiff simply did not sue within the statutorily prescribed time period. The only mistake in this case was by Plaintiff, and it was not the kind of mistake that Rule 15 contemplates.

### III. CONCLUSION

By separate order, the Court will grant Aviation's alternative motion for summary judgment.

Done this 30th day of March, 2001.

_____
Chief United States District Judge
U.W. Clemon